LAW OFFICES OF
## SIDNEY L. GOLD & ASSOCIATES
A PROFESSIONAL CORPORATION

_____

1835 MARKET STREET, SUITE 515
PHILADELPHIA, PA 19103
(215) 569-1999   FAX (215) 569-3870

SIDNEY L. GOLD * + **
WILLIAM RIESER*
JAMIE L. FORD*
BRIAN C. FARRELL*
MARGARET KING*
GIUSEPPE V. GALANTUOMO

\*         ALSO ADMITTED IN NEW JERSEY
\+        ALSO ADMITTED IN NEW YORK
\*\*     ALSO ADMITTED IN DISTRICT OF COLUMBIA

April 26, 2023

Honorable Elizabeth A. Pascal
United States Magistrate Judge
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room
Camden, NJ 08101

      **Re:**    **William T. Lavell v. Camden County College**
               **U.S. District Court for the District of New Jersey No.:  21-6832**

Dear Judge Pascal:

      I represent the Plaintiff in the above-referenced matter.  I am writing in response to Defendant's April 12, 2023 letter.

      First, Defendant erroneously claims that Plaintiff's expert rebuttal report should be precluded because it is "untimely."  Defendant submitted their expert report on March 7, 2023 at 5p.m.  Thirty (30) days from March 7 was April 6, 2023.  Plaintiff's expert, Dr. Don Thompson, prepared a rebuttal expert and finalized it on April 5, 2023.  See Dr. Thompson's Rebuttal Report, dated April 5, 2023, attached to Defendant's April 12, 2023 letter as "Exhibit C."

      Unfortunately, on April 6, 2023, the undersigned's assistant, who was tasked with submitting the report, called out due to her son being ill.  On Friday, April 7, 2023, our office was closed for the Easter Holiday, in accordance with the City of Philadelphia holiday schedule.  My assistant served Defendant with the rebuttal report on Monday, April 10, 2023, or the next business day.  A simple, harmless error.  The undersigned informed Defendant's counsel, via email, regarding these circumstances on April 11, 2023.  However, Defendant chose to ignore the undersigned's email contrary to their meet and confer obligations, and instead chose to file a baseless letter at 1:27pm, or **three (3) minutes** before Dr. Thompson's deposition was scheduled to begin.

Page 2
April 26, 2023

Defendant has not alleged that this one (1) day delay over a holiday weekend caused any prejudice. In fact, Defendant voluntarily proceeded with Dr. Thompson's deposition on April 12 and was able to question him at length about the content of the rebuttal report. Quite simply, there is no prejudice. Defendant has not met their burden for excluding the report. See Quinn v. Consol. Freightways Corp. of Del., 283 F.3d 572, 576 (3d Cir. 2002) ("the exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence") (quotations and citations omitted).

Second, Defendant claims that Dr. Thompson's rebuttal report is not a proper "rebuttal" and should be excluded. Defendant is wrong on both the facts and law. In his report, Defendant's expert, Chad Staller, Esq., opined that Dr. Thompson's report was flawed in that it was "based on [a] lack of analysis establishing Dr. Roberts and Dr. Chatman as appropriate comparators, lack of consideration for factors other than inflation when comparing 1991 to 1996 salaries, and lack of support for a specific 8% upward adjustment based solely on Dr. Lavell's degrees…"

Dr. Thompson's rebuttal directly responds to the alleged "criticisms" of Mr. Staller by explaining why Roberts and Chatman are appropriate comparators, the importance of degrees in setting salary consistent with industry standards, and considers other factors besides "inflation" when comparing their 1991-1996 salaries. Accordingly, Dr. Thompson's rebuttal is a direct response to Mr. Staller's report.

Regardless, a rebuttal report "need not be stricken if it contains merely an elaboration of and [is] consistent with an opinion/issue previously addressed in the expert's initial report." Haskins v. First Am. Title Ins. Co., 2013 U.S. Dist. LEXIS 138041, at *7 (D.N.J. Sep. 26, 2013). See also Hill v. Reederei F. Laeisz G.M.B.H. Rostock, 435 F.3d 404, 423 (3d Cir.), cert. denied, 549 U.S. 820, 127 S. Ct. 122, 166 L. Ed. 2d 34 (2006) (lower court did not err in admitting expert rebuttal testimony that exceeded scope of original report).

Here, at worst, Dr. Thompson's rebuttal is merely an "elaboration of" his original report that is "consistent" with his initial opinion. Accordingly, Dr. Thompson's rebuttal report should not be excluded. I look forward to addressing this issue with Your Honor on May 3, 2023.

> Respectfully,
>
> *William Rieser*
> WILLIAM RIESER

WR/ars