# BROWN & CONNERY, LLP

ATTORNEYS AT LAW
360 HADDON AVENUE
WESTMONT, NEW JERSEY 08108
(856) 854-8900
FAX (856) 858-4967

Alyssa I. Lott, Esq.
alott@brownconnery.com

May 8, 2023

<u>Via ECF</u>
The Honorable Elizabeth A. Pascal
United States District Court
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

   Re: <u>Lavell v. Camden County College</u>
     Civil Action No.: 1:21-cv-06832-KMW-EAP

Dear Judge Pascal:

  We represent the Defendant, Camden County College, in the above matter. Please accept this correspondence in response to Your Honor's request to identify what additional discovery Defendant would seek should Plaintiff's report of April 5, 2023, be permitted together with an evaluation of costs in accordance with the factors set forth in <u>Pritchard v. Dow Agro Scis.</u>, 263 F.R.D. 277, 284-85 (W.D. Pa. 2009).

1. **<u>The prejudice or surprise of the party against whom the excluded evidence would have been admitted.</u>**

  Due to Plaintiff's delayed service of Dr. Thompson's rebuttal expert report, Defendant was unable to fully explore the new data and methodology employed in Dr. Thompson's report dated April 5, 2023 prior to his deposition. More importantly, the rebuttal report employed an entirely different methodology, based upon new data not previously utilized in Dr. Thompson's initial report, and reached a different conclusion regarding Plaintiff's cumulative damages. The rebuttal expert report substantially departs from the analyses and conclusions rendered in the initial report, effectively abandoning the initial report. As a result, Defendant has no report to rebut this new calculus.

  Accordingly, should the Court allow the report dated April 5, 2023 to stand, Defendant must be afforded the opportunity to serve a revised expert report to explore the new methodology and refute any of the analyses or conclusions contained therein. Defendant should further be permitted to re-depose Dr. Thompson based upon a complete examination of the data upon which he relied. The costs of obtaining this new report and any further deposition required of Dr. Thompson should be borne by the Plaintiff for flouting the Federal Rules of Civil Procedure as rebuttal reports are not permitted to cure deficiencies nor to provide an entirely new analysis. <u>See</u> Fee Schedule of Chad Staller and Stephen M. Dripps attached hereto as Exhibit A. <u>See also</u>

**BROWN & CONNERY, LLP**

May 11, 2023
Page 2

Crowley v. Chait, 322 F.Supp.2d 530, 551 (D.N.J. 2004) ("[a rebuttal report] is not an opportunity for the correction of any oversights in the plaintiff's case in chief."); Pritchard, 263 F.R.D. at 284-85 ("a declaration should be stricken if it contains new opinions or information which is contradictory to that set forth in expert report . . . but it need not be stricken if it contains merely an elaboration of and consistent with an opinion/issue previously addressed in the expert report."); Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir. 1977), *overruled on other grounds by* Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985) (in weighing factors to be considered in excluding evidence, finding adjournment of matter while defendant conducted discovery with costs taxed to plaintiff to be a reasonable sanction).

2. **The ability of the party to cure that prejudice.**

Defendant acknowledges that Your Honor can re-open discovery to permit Defendant to respond to Dr. Thompson's new expert report. However, that effectively gives Plaintiff a "do over" as if Dr. Thompson's first report was never rendered. Further, if discovery is re-opened to permit Defendant to serve a responsive expert report, does that mean Plaintiff can serve yet another report in response to Defendant's? Such a result is not contemplated by the Federal Rules of Evidence and creates an untenable merry-go-round. Defendant should not have to incur the additional costs created by Plaintiff's conduct.

3. **The extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and**

Permitting Dr. Thompson's report would disrupt the orderly and efficient trial of this case. Defendant's deadline for service of expert reports was March 7, 2023. The deadline for service of Plaintiff's rebuttal expert report was April 6, 2023. Expert depositions were to be completed by May 1, 2023. The only deadline remaining under Your Honor's scheduling order is for the filing of dispositive motions, which are currently due by June 23, 2023. As noted above, allowing Dr. Thompson's rebuttal expert report would result in expert discovery needing to be re-opened and extended to allow for Defendant to conduct any additional discovery related to the belated service and new findings contained in Dr. Thompson's new report. Defendant has an interest in the expeditious resolution of this matter. Reopening and extending discovery, at this juncture in the litigation, would significantly disrupt the orderly and efficient trial and resolution of this matter and require additional costs which should not be borne by the defense.

4. **The bad faith or willfulness in failing to comply with a court order or discovery obligation.**

Defendant acknowledges Plaintiff's counsel's explanation regarding the late service of Dr. Thompson's rebuttal expert report. However, Plaintiff's counsel has failed to identify why he or someone else in his office, could not have timely served Dr. Thompson's rebuttal expert report in accordance with the discovery rules nor has he adequately demonstrated (because he cannot) that this is not a new analysis based upon new data that was not relied upon in the first report.

**BROWN & CONNERY, LLP**

May 11, 2023
Page 3

Defendant—a public community college—should not be expected to incur the burden and expense in conducting additional expert discovery, and the delay that such discovery would cause, nor should Defendant be prejudiced by the existence of two inconsistent expert reports, due to Plaintiff's failure to comply with the Federal Rules of Civil Procedure.

      We thank the Court for its consideration of this matter. If Your Honor has any questions, Defendant will make itself available for a case management conference.

                                    Respectfully submitted,
                                    **BROWN & CONNERY, LLP**

                                    *s/ Alyssa I. Lott*
                                    Kathleen E. Dohn
                                    Alyssa I. Lott

cc: William Rieser, Esquire *(via ECF)*

# EXHIBIT A

# THE CENTER FOR
# **<u>FORENSIC ECONOMIC STUDIES</u>**

Economic & Statistical Analysis

20 Brace Road, Suite 425, Cherry Hill, NJ 08034   (215) 546-5600   FAX (215) 732-8158
CFES@CFES.COM   WWW.CFES.COM

42 YEARS OF SERVICE TO THE LEGAL COMMUNITY: 1980-2022

**Fee Schedule as of January 1, 2023**

A. $365 per hour for report writing, analysis and testimony preparation

B. $2,600 for half day (4 hours) of testimony (trial or deposition)

C. Expenses as incurred

   a. Typical expenses include: overnight courier and direct out-of-pocket expenses
   b. Note we do not charge for travel time, paper, photocopying, faxing, and long distance phone calls.

1725 "I" STREET, NW, SUITE 300, WASHINGTON, DC 20006   (202) 530-8808
